IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Brandon Johnson, | ) | Case No. 8:22-cv-04550-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Shane Jackson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On May 6, 2022, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 8. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report and a letter.[1] ECF Nos. 10, 12.

---

[1] Out of an abundance of caution for a pro se Petitioner, the Court has construed both documents filed by Petitioner after the issuance of the Report as objections to the Report.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

The Magistrate Judge recommends summary dismissal of this action because Petitioner has not exhausted his state court remedies. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation.

In his objections, Petitioner states that his state sentence has been miscalculated and he should be released immediately. ECF No. 10. He states that continuing through the state court process will take too long and he is suffering an injury everyday that he remains incarcerated.

The Fourth Circuit has determined that challenges to the execution of a state court sentence are properly brought pursuant to § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("With this backdrop in mind, we conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence."). Therefore, the Court will apply the rules applicable to § 2254 actions.

Section 2254 provides,

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)
> >
> > > (i) there is an absence of available State corrective process; or
> > >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971). It is well-settled that state prisoners must exhaust all available state-court

3

avenues for challenging their convictions before they seek habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1). Section 2254 generally forbids federal courts from granting collateral relief until prisoners have "fairly presented" their claims in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); *Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010) (noting that "a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them").

Here, Petitioner does not contest that he has failed to exhaust his state court remedies as his appeal remains pending with the South Carolina Court of Appeals. There has also been no showing that the state corrective process is unavailable or ineffective. *See Richardson v. Eagleton*, C/A No. 4:08-cv-03557-RBH-TER, 2009 WL 3523945, at *2 (D.S.C. Oct. 23, 2009) (noting that a petitioner had "not exhausted his state court remedies" because "he still has a viable state court remedy which has not been fully utilized"). Accordingly, this action is subject to dismissal.

## **CONCLUSION**

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court agrees with the Report's recommendation. The Petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

## **CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 5, 2023
Spartanburg, South Carolina